### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **INTERNATIONAL LIMOUSINE SERVICE** <br> 2300 T Street, N.E. <br> Washington, D.C. 20002 | \* <br> \* |
| **Plaintiff,** | \* |
| **v.** | \*　　　**Civil Action No.:** |
| **DISTRICT OF COLUMBIA,** <br> **ADRIAN M. FENTY, Mayor** <br> 1350 Pennsylvania Avenue, N.W. <br> Suite 310 <br> Washington, D.C. 20004 | \* <br> \* <br> \* |
| **Defendant,** | \* |
| **and** | \* |
| **DISTRICT OF COLUMBIA,** <br> **NATWAR M. GHANDI, Chief Financial Officer** <br> 1350 Pennsylvania Avenue, N.W. <br> Room 203 <br> Washington, D.C. 20004 | \* <br> \* <br> \* |
| **Defendant** | \* |

\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*

## COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Plaintiff, International Limousine Service (hereinafter "ILS"), through counsel, brings this Complaint against the above-named Defendants, their employees, agents, and successors in office, and in support thereof allege the following:

### PRELIMINARY STATEMENT

1.　　Plaintiff ILS is a corporation licensed to do business in the District of Columbia [hereinafter "the District"]. ILS owns and operates a limousine and for-hire vehicle service

1

providing a wide variety of prearranged transportation services to passengers traveling throughout the District, Virginia, Maryland, Pennsylvania, New York and New Jersey.  A substantial portion of the trips that are booked with ILS involve transportation that crosses one or more of these state lines.[1]

    2.       Plaintiff brings this action for declaratory and injunctive relief against enforcement of a Settlement and Closing Agreement, as well as prospective sales tax assessments improperly imposed on ILS' interstate transportation services.  Since the Agreement went into affect on November 1, 2006, the District has imposed a sales tax on the "gross receipts of all services provided in the District by all Charter-Hourly Services, Subcontractor-Hourly Services, Point to Point Services and Subcontractor-Point to Point Services whether Bus Service or Nonbus Service irrespective of the vehicle use [hereinafter "the Tax"]."  [Attached as Exhibit A]

    3.       The District currently imposes the Tax at a rate of 5.75 percent on the gross receipts of all transportation services provided by Plaintiff.

    4.       There are two reasons why such a tax should be held invalid by the Court.  First, the tax does not exempt from taxation trips that cross State lines and which constitute interstate commerce.  However, federal law prohibits states from collecting a tax on the sale of passenger transportation in interstate commerce.  Section 14505 of the Interstate Commerce Commission Termination Act of 1995, 49 U.S.C. § 14505, prohibits states from collecting a tax or other charge on the transportation of a passenger or the sale of passenger transportation in interstate commerce by a motor carrier.

---

[1]  For purposes of this discussion, the District of Columbia is referred to as a state throughout this Complaint in the same manner that the District of Columbia is deemed a state for diversity purposes under 28 U.S.C. § 1332.

5.      Second, the Commerce Clause of the United States Constitution, Article I, Section 8, Clause 3, prevents states from enacting laws and regulations that impose excessive burdens on interstate commerce.  The Tax imposed violates the central purpose of the fair apportionment requirement under the Commerce Clause, which is to ensure that each State taxes only its fair share of an interstate transaction.

6.      As it is understood by Plaintiff, intrastate transportation is transportation which begins and ends solely within one state and does not include travel outside of that state. Interstate transportation consists of transportation where: (1) the driver picks up a passenger or passengers in one state and terminates the trip in another state; or (2) the driver begins and terminates the trip in one state, but travels outside that state during the course of the trip.  While providing interstate transportation, a driver may pick up a passenger or passengers in one state, and then pick up one or more additional passengers in another state before reaching the final destination in the original state.

7.      A significant portion of Plaintiff's business consists of interstate travel.

8.      Often, Plaintiff does not transport passengers along regular, scheduled routes.  As part of the pre-arranged, customer-directed services it provides, passengers may direct their drivers to travel to more than one destination and to make numerous stops without providing an itinerary.  While clients inform Plaintiff of their ultimate destination, the drivers may take any number of routes in light of traffic conditions or driver or passenger preferences.

9.      Many requests for Plaintiff's services are not initiated within the District. Services provided by Plaintiff are often booked by persons located outside of the District through the internet, out of state travel agents, telephone, and through other manners which may be located outside of the District.

10.    In consequence, Plaintiff is entitled to a declaration that the Tax, insofar as it applies to interstate transportation, is preempted by federal law and violates the Commerce Clause of the U.S. Constitution.

## JURISDICTION AND VENUE

11.    This action arises primarily under the United States Constitution and the laws of the United States and presents federal questions over which this Court has original jurisdiction under Article III of the United States Constitution and 28 U.S.C. § 1331.

12.    This Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

13.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) because Defendants reside in this district and a substantial part of the events giving rise to this action occurred in this district.

14.    There is an actual controversy as to whether the Tax conflicts with and is contrary to provisions in the Interstate Commerce Commission Termination Act of 1995 and the Commerce Clause of the U.S. Constitution.  Plaintiff seeks a declaratory judgment that the Tax is unconstitutional and invalid and an injunction enjoining its enforcement.  Plaintiff reserves the right to claim any damages that have been or may be caused by the District of Columbia's enforcement of the Tax.

## THE PARTIES

15.    Plaintiff International Limousine Service, Inc. is a corporation licensed to do business in the District of Columbia.  ILS owns and operates a limousine and for-hire vehicle

4

service providing a wide variety of prearranged transportation services to passengers traveling throughout the District, Virginia, Maryland, Pennsylvania, New York and New Jersey.

16.    Defendant Adrian M. Fenty is the Mayor of the District. He has the duty to execute all District laws, including the tax challenged herein, and to supervise the conduct of the other Defendants. He is sued in his official capacity.

17.    Defendant Natwar M. Ghandi is the Chief Financial Officer of the District. Mr. Ghandi is responsible for the generation and collection of revenues, including supervising the Office of Tax and Revenue, the distribution of appropriations that fund the operations of District government, assets management, and the administration of District wide support services. He is sued in his official capacity.

## COUNT I
### (Statutory Preemption Under 49 U.S.C. § 14505)

18.    Plaintiff repeats, realleges and incorporates the allegations in the foregoing paragraphs as if fully set forth herein.

19.    The Supremacy Clause, Article 6, Clause 2 of the United States Constitution, states that federal law "shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, anything in the Constitution of Laws of any state to the contrary notwithstanding."

20.    State law is therefore preempted by federal law when a state law conflicts with, or frustrates federal law. Preemption may be either express or implied, and is compelled whether Congress' command is explicitly stated in the laws' language or implicitly contained in its structure and purpose.

21.     Through passage of the Interstate Commerce Commission Termination Act, Congress intended to preempt state law concerning the taxation of transportation by motor carriers.  This federal legislation, codified at 49 U.S.C. § 14505, contains a provision prohibiting any state tax on the interstate transportation of passengers by motor carrier, effective January 1, 1996.

22.     Section 14505 provides as follows:

A state or political subdivision thereof may not collect or levy a tax, fee, head charge, or other charge on ---

(1) a passenger traveling in interstate commerce by motor carrier;

(2) the transportation of a passenger traveling in interstate commerce by motor carrier;

(3) the sale of passenger transportation in interstate commerce by motor carrier; or

(4) the gross receipts derived from such transportation.

22.     The effect of this legislation is to prohibit taxation by the District of Columbia of the gross receipts on transportation services provided by Plaintiff as required by the Tax outlined in Exhibit A, when such services involve the interstate transportation of passengers in for-hire motor vehicles.

23.     The District's imposition of such a tax is therefore preempted by 49 U.S.C. § 14505 insofar as it seeks to tax transportation services provided to persons "traveling in interstate commerce."

24.     A number of States, such as Ohio, Connecticut, Georgia, South Dakota, New Mexico and New Jersey, have evidently reached this same conclusion because they expressly recognize that taxation of interstate pre-arranged ground transportation is preempted by federal statute.

6

25.    Other states, such as California, Wisconsin, and Louisiana also do not tax interstate transportation.

26.    Plaintiff is entitled to a declaration that the Tax, insofar as it seeks to tax transportation services provided to passengers traveling in interstate commerce, violates the Supremacy Clause of the United States Constitution, and to preliminary and permanent injunctive relief against enforcement of that preempted provision.

<div align="center">

**COUNT II**
**(Violation of the Commerce Clause)**

</div>

27.    Plaintiff repeats, realleges and incorporates the allegations in the foregoing paragraphs as if fully set forth herein.

28.    Article I, Section 8, Clause 3 of the United States Constitution vests exclusive authority in the United States Congress to regulate "Commerce with foreign Nations, and among the several States."

29.    Although the Commerce Clause contains an explicit grant of authority to Congress, the United States Supreme Court has long recognized that the Commerce Clause prevents states from enacting laws and regulations that impose excessive burdens on interstate commerce in relation to local interests or benefits. This prohibition of state and local governments from burdening interstate or international commerce is referred to as the "dormant Commerce Clause."

30.    A state or local tax on interstate commercial activity violates the Commerce Clause unless: (a) it is applied to an activity with a substantial nexus to the taxing state; (b) it is fairly apportioned; (c) it does not discriminate against interstate commerce; and (d) it is fairly related to the services or benefits provided by the state. If a tax fails to meet any of these four standards, it violates the Commerce Clause.

31.    In order to determine whether a tax is fairly apportioned, a court must decide whether the tax is both internally and externally consistent. The purpose of this inquiry is to ensure that each State taxes only its fair share of an interstate transaction. For a tax to be internally consistent, it must be structured so that if every State were to impose an identical tax, no multiple taxation would result. By contrast, the external consistency test asks whether the State has taxed only that portion of the revenues from the interstate activity which reasonable reflects the in-state component of the activity being taxed.

32.    The Tax imposed by the District against Plaintiff fails to meet both of these tests. First, it is not internally consistent. If other states were to impose an identical tax upon the same taxable event – ground transportation services – multiple taxation could result. Second, the Tax is not externally consistent. This is because it reaches activity taking place outside of the taxing district. Although a passenger entering a limousine in the District can spend the largest part of the trip in another state, the District does not tax only that portion of the trip's revenue which reasonably reflects the in-state component of the activity being taxed.

33.    In other words, by levying a sales tax on the gross receipts for the entire interstate trip, the District taxes the receipts from the sale of transportation services outside its borders. Such a tax on gross receipts for the entire trip is a direct burden on every transaction in interstate commerce, and the amount of the burden bears no relationship to the portion of the trip that occurs within the District as the taxing entity.

34.    Functionally, the tax on transportation services is similar to a business privilege tax on gross receipts which requires apportionment under the dormant Commerce Clause, rather than a sales tax imposed upon a transaction involving a tangible item.

35.    There is no such taxable event in the transportation services provided by Plaintiff. The cost for Plaintiff's limousine service is typically calculated at the conclusion of the service and may included anticipated and unanticipated charges such as tolls, parking, fuel surcharges, gratuities, wait time, and other charges.  In other instances no show and cancellation fees may be paid to the operator.

36.    Plaintiff is entitled to a declaration that the Tax imposed upon it by the District, insofar as it applies to interstate commerce, violates the Commerce Clause of the United States Constitution, and to preliminary and permanent injunctive relief against its enforcement.

WHEREFORE, Plaintiff, International Limousine Service, Inc. respectfully requests this honorable Court to:

(1)    Declare judgment in favor of Plaintiff on Count I that the Tax imposed upon Plaintiff by the District of Columbia, insofar as it seeks to tax transportation services provided to passengers traveling in interstate commerce, violates the Supremacy Clause of the United States Constitution and is preempted by 49 U.S.C. § 14505;

(2)    Declare judgment in favor of Plaintiff on Count II that the Tax imposed upon Plaintiff by the District of Columbia, insofar as it applies to interstate commerce, violates the Commerce Clause of the United States Constitution;

(3)    Grant preliminary and permanent injunctive relief on all counts enjoining the Defendants, their servants, agents and employees, and those acting in concert with them, from taking any action to enforce the Tax in contravention to the declaratory judgments issued by this Court; and

(4)     Award Plaintiff its costs associated with maintaining this action, including

attorneys' fees, along with any further relief this Court may deem just and proper.


Respectfully submitted,


CRAIG D. ROSWELL
D.C. Federal Bar No. 433406
NILES, BARTON & WILMER, LLP
111 South Calvert Street
Suite 1400
Baltimore, Maryland 21202
(410) 783-6341
cdroswell@niles-law.com
*Counsel for Plaintiff*

ND: 4834-2359-9106, v. 1

<div style="border:2px solid black">

# SETTLEMENT AND CLOSING AGREEMENT

### DISTRICT OF COLUMBIA GOVERNMENT
### OFFICE OF TAX AND REVENUE

</div>

International Limousine Services, Inc. TIN 54-0953584 ("Taxpayer") hereby enters into this Settlement and Closing Agreement ("Agreement") with the Office of Tax and Revenue ("OTR") of the District of Columbia Government ("District").

## WHEREAS:

The Taxpayer, through its representative, have filed a protest with the Office of Administrative Hearings challenging the proposed assessment of District of Columbia sales taxes, penalties and interest.

## NOW THEREFORE:

In the interest of minimizing both collection and administrative expenses and expediting the resolution of the sales taxes, penalties and interest due to the District of Columbia Government, the Taxpayer and OTR have entered into this Agreement to settle the amount due to the District.

1. The Taxpayer agrees:
   a. To pay, on or before November 1, 2006, Sixty-One Thousand Nine Hundred Thirty-Six Dollars ($61,936.00) as full and final settlement of the Taxpayer District sales tax liability for the period January 1, 2002 through December 31, 2004,
   b. That payment shall be made payable to the "DC Treasurer" and forwarded to Edward A. Blick, Office of Tax and Revenue, Suite 800, 941 North Capitol Street, N.E., Washington, D. C. 20002 on or before the due date,
   c. To prospectively collect and pay to the District the District Sales Tax on the gross receipts on all services provided in the District by all Charter-Hourly Services, Subcontractor-Hourly Services, Point to Point Services and Subcontractor-Point to Point Services whether Bus Service or Nonbus Service irrespective of the vehicle use,
   d. Not to file claim(s) for refund for the sales taxes collected and paid to the District on the gross receipts on all services provided in the District.

2. OTR agrees:
   a. When fully paid under the terms of this Settlement and Closing Agreement, to accept Sixty-One Thousand Nine Hundred Thirty-Six Dollars ($61,936.00) as full and final settlement of the Taxpayer' District Sales Tax Liability for the period January 1, 2002 through December 31, 2004
   b. To refund the sales tax paid on contracts entered into by the Taxpayer prior to November 1, 2006 that are to be performed after November 1, 2006 that provide



Point to Point Services and Subcontractor-Point to Point Services.

c. Not to require the Taxpayer to pay sales tax on the Point to Point Services for the period January 1, 2005 through November 1, 2006.

3. On or before November 1, 2006, the Taxpayer agrees to execute this Agreement in duplicate and return them to the Office of General Counsel, 941 North Capitol Street, N.E., Suite 800, Washington, D.C. 20002.

The terms of this Agreement are strictly confidential between OTR and the Taxpayer and shall not be made known to any other party, including other taxing jurisdictions.

Should it be discovered that any of the facts or statements are misrepresented by the Taxpayer, fail to comply with the terms of this agreement or should the Taxpayer act in any way to compromise the intent of this Agreement, the Agreement shall be considered as null and void, and OTR will have the right to collect from the Taxpayer Two Hundred Five Thousand Nine Hundred and One Dollars ($205,901.00).

This Agreement is executed in two (2) counterparts, each of which shall be deemed an original. The signatories represent that they have full power and authority to execute this document on behalf of the parties designated below.

By: _____    Date: 10/31/06
      Title: President & CEO
      International Limousine Service

**DISTRICT OF COLUMBIA**
**OFFICE OF TAX AND REVENUE**

By: _____    Date: 11/1/06
      Edward A. Blick, Esq.
      Assistant General Counsel

E
08 /1293
JR

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| International Limousine Service<br>2300 T Street, N.E. Washington, DC 20002    //od | District of Columbia *Mayor Fenty, City*<br>1350 Pennsylvania Ave., N.W. Washington, DC |

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**    Washington, DC
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    Washington, DC
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Craig D. Roswell, Esq., Niles, Barton & Wilmer,
LLP, 111 S. Calvert St., Suite 1400
Baltimore, MD 21202  (410) 783-6300

Case: 1:08-cv-01293
Assigned To : Robertson, James
Assign. Date : 7/28/2008
Description: General Civil

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◉ 2 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**○ A. Antitrust**

- ☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**◎ E. General Civil (Other)          OR          ○ F. Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☒ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

②

| O  G. *Habeas Corpus/ 2255* | O  H. *Employment Discrimination* | O  I. *FOIA/PRIVACY ACT* | O  J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| O  K. *Labor/ERISA (non-employment)* | O  L. *Other Civil Rights (non-employment)* | O  M. *Contract* | O  N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original   O 2 Removed   O 3 Remanded from   O 4 Reinstated   O 5 Transferred from   O 6 Multi district   O 7 Appeal to
  Proceeding      from State      Appellate Court      or Reopened      another district      Litigation         District Judge
                  Court                                                 (specify)                                 from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
28 U.S.C. Section 2201; Declaratory Judgment Action

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS<br>☐ ACTION UNDER F.R.C.P. 23 | **DEMAND $**  _____ | Check YES only if demanded in complaint |
|---|---|---|---|
| | | **JURY DEMAND:** | YES ☐   NO ☒ |

**VIII. RELATED CASE(S)**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.
**IF ANY**

DATE  7/25/08   SIGNATURE OF ATTORNEY OF RECORD  _(signature)_

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.